IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON VALASEK, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | Filed Electronically |
| | ) | |
| vs. | ) | |
| | ) | |
| GIANT EAGLE, INC., | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

1. This action arises under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") as amended, and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, ("PHRA").

## THE PARTIES

2. Plaintiff, BRANDON VALASEK ("Valasek") is an adult individual with a residence in Pittsburgh, Allegheny County, Pennsylvania 15223.

3. Defendant, GIANT EAGLE, INC. ("Giant Eagle") is a Pennsylvania corporation with a business address of 101 Kappa Drive, Pittsburgh, Allegheny County, Pennsylvania 15238.

4. Giant Eagle is corporation in the business of selling groceries, and at all times material hereto, it carried on a systematic part of its general business within this Commonwealth and specifically in the Western District of Pennsylvania.

5. Valasek was employed with Giant Eagle as a Senior Corporate Accountant working at the Kappa Drive location for the duration of his employment.

6. At all times material hereto, Giant Eagle acted by and through its agents, servants, and employees, each of whom acted within the course and scope of his or her job duties.

1

7.      Giant Eagle is an entity and employer subject to the provisions of the ADA and PHRA.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of Valasek's ADA claim pursuant to 29 U.S.C. § 626(b)-(d) and 28 U.S.C. § 1331.  This Court has jurisdiction over the subject matter of Valasek's PHRA claim pursuant to 28 U.S.C. § 1367(a).

9.      Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Giant Eagle is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## ADMINISTRATIVE REMEDIES

10.     Valasek has satisfied the notice and procedural requirements of the ADA and the PHRA by filing a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Pennsylvania Human Relations Commission ("PHRC").

11.     The charge of discrimination (No. 533-2018-0089) was filed on October 16, 2017 with the EEOC's Pittsburgh office.

12.     Pursuant to agreement between the EEOC and the PHRC, the EEOC assumed investigative control of the underlying complaint.

13.     A Notice of Rights was issued by the EEOC on August 10, 2018.

14. The action is timely brought as it is initiated within the ninety (90) days of receipt of the right-to-sue notice.

15. Valasek has exhausted his administrative remedies as to the allegations of this Complaint.

## FACTUAL BACKGROUND

16. Plaintiff Brandon Valasek holds a degree in accounting from Indiana University of Pennsylvania, and prior to his tenure with Giant Eagle, he performed accounting functions for American International Relocation Solutions and Sisterson & Co., LLP.

17. Valasek was hired on January 23, 2017 as a Senior Accountant in Giant Eagle's corporate office.

18. As a function of his position, Valasek was trained and tasked with handling month-end closings.

19. Valasek was a full-time, salaried employee with benefits, a 401K, and bonus eligibility paid out based upon Giant Eagle achieving pre-determined financial targets.

20. During the course of his employment, Valasek received positive feedback regarding his performance and was not disciplined nor did he receive any notice of issues surrounding his performance or conduct.

21. Valasek reported to Virgil Marshall, Manager of Corporate Accounting.

### *Disability & Leave*

22. At the time of hire, Valasek's disability (Chron's disease) was under control and managed by medications and his treating physician.

23. Valasek was first diagnosed with his disability approximately a decade ago.

24. Chron's disease is an inflammation in the gastrointestinal tract, impacting the small bowel and part of the colon. It falls within the class of inflammatory bowel diseases.

25. Symptoms of Chron's disease experienced by Valasek include difficulty eating, difficulty drinking, frequent use of the bathroom, low energy and fatigue, chronic pain, rectal bleeding, perianal abscesses, stomach cramping and fever.

26. Failure to treat a flare up of the Chron's disease can result in a clostridium difficile, a bacterial infection that can require surgery and may, in some instances, result in death.

27. When Valasek experienced this type of infection in 2016, he became septic and hospitalized for eight (8) days.

28. During the course of his employment with Giant Eagle, Valasek informed his supervisor Marshall of his condition, to which Marshall responded by indicating that his father has the same disease and "it's not that big of a deal."

29. Around May 10, 2017, Valasek became ill with symptoms of his disability and had some testing done due to the severity of his prior experiences.

30. As a consequence of those tests and due to worsening symptoms, Valasek was hospitalized on May 24, 2017 and during this hospitalization, he was unable to eat and unable to stay hydrated, causing him to become even more ill.

31. As a consequence, Valasek remained in the hospital until May 30, 2017.

32. On June 5, Valasek advised Giant Eagle he would need to be off work for a period of four (4) to six (6) weeks as a consequence of his disability.

33. Giant Eagle provided short-term disability for its employees administered by Liberty Mutual.

34. Valasek contacted Liberty Mutual and applied for short-term disability due to his chronic disability and the inability to return to work for a period of four (4) to six (6) weeks per his doctor's orders.

35. Valasek's short-term disability leave was approved by Liberty Mutual.

### *Return to Work & Termination*

36. On July 10, 2017, Valasek was released by his treating physician to return to Giant Eagle.

37. Information concerning his ability to return to work was communicated to Giant Eagle and Liberty Mutual.

38. Further, the July 10 release was consistent with Valasek's prior representation of four (4) to six (6) weeks of leave.

39. At the time he communicated his return to work with Giant Eagle, Marshall informed Valasek the position had been filled.

40. Valasek was terminated effective August 8, 2017.

41. At the time of Valasek's termination, the position was represented as "open" online and was not yet filled.

42. Giant Eagle indicated it was terminating Valasek due to "attendance."

43. Valasek did not violate the company's policy with respect to attendance nor was ever disciplined for violating company policy.

44. Further, any leave due to Valasek's hospitalization and recovery was consistent with the time frame supplied to the company.

45. When Valasek was released to return to work, it was without restriction and required no further accommodation by Giant Eagle.

46. Upon information and belief, Giant Eagle chose to hire a less qualified and non-disabled employee for Valasek's position.

47. Upon information and belief, that hiring occurred subsequent to Valasek's release to return to work.

48. Valasek's termination is a direct and proximate result of his disability.

## COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

49. The above paragraphs are incorporated as though each paragraph were set forth fully herein.

50. Valasek's Chron's disease is a qualifying disability under the ADA in that it substantially limits several major life activities including, but not limited to eating, drinking, sleeping and majority bodily functions like bowel movements.

51. Valasek falls within the protected class under the ADA as he has a qualifying disability, and the employer was on notice of the disability.

52. Chron's disease is also a form of disability which has "flare ups," and as a consequence, there are periods in which an individual may have no symptoms or very minor symptoms.

53. Because of the fluctuating nature of Chron's disease and its unpredictability, it is a form of disability that is a thorn to employers; employers are required to accommodate on an as needed basis creating an inconvenience to the business.

54. However, despite the fluctuating nature of this disease, Valasek's flare up and medical treatment with respect to his Chron's disease were for a small, defined period of time during his employment with Giant Eagle.

55. Giant Eagle's conduct to quickly terminate him evidences its wanting to avoid future episodic periods and other requirements of accommodation given the nature of Valasek's disability.

56. Despite his disability, Valasek was able to perform the essential functions of his job.

57. There were no warnings or other adverse actions taken by Giant Eagle prior to learning of Valasek's disability.

58. Valasek requested a reasonable accommodation for a brief absence while hospitalized and receiving treatment.

59. Valasek's release and return to work was consistent with the accommodation that was requested, and he was released to work without restriction.

60. When Valasek was released to work, his supervisor informed him the position had been filled by another individual, a statement that Valasek learned subsequently was untrue in that the position remained open at the time of his termination.

61. This was the same supervisor that evidenced a discriminatory animus toward Valasek's disability and a desire to downplay the severity of Valasek's symptoms and necessary medical treatment.

62. Through the conduct and commentary of its employees, agents and/or representatives, Defendant engaged in ongoing discriminatory conduct as to Valasek's disability and ultimately terminated Valasek's employment.

63. Defendant is vicariously liable for the conduct of its agents employed in a managerial capacity and acting in the course and scope of their employment.

64. Defendant's conduct by terminating Valasek as a consequence of his disability and representing to him that he had already been replaced in the company, when the documents evidence otherwise, evidences malice and/or a reckless indifference to the rights of Valasek.

65. Defendant discriminated against Valasek in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, *as amended* Jan. 1, 2009 in that it terminated him from employment on the basis of his disability, evidenced an animus towards Valasek's disability, and retaliated via termination when a reasonable accommodation was requested.

66. As a direct and proximate result of Defendant's unlawful and willful conduct, Valasek was deprived of his job and has lost income in the form of wages, benefits and future job opportunities.

67. Defendant's willful misconduct and reckless indifference to Valasek's rights under the ADA warrants relief in the form of punitive damages, attorney's fees and costs in addition to other relief as provided under the law.

WHEREFORE, for the foregoing reasons, Plaintiff BRANDON VALASEK requests this Court grant the relief prayed for hereinafter.

## COUNT II – VIOLATIONS OF THE PENNSYLVANIA HUMAN RELATIONS ACT

68. The above paragraphs are incorporated as though each paragraph were set forth fully herein.

69. The discrimination set forth in Count I of this Complaint also constitutes a violation of the PHRA which specifically prohibits discrimination based upon a disability.

8

70. The incorporated counts set forth the conduct which Valasek alleges also violates the PHRA.

71. As a direct and proximate result of Defendant's unlawful and willful conduct, Valasek was deprived of his job and has lost income in the form of wages, benefits and future job opportunities.

72. Defendant's willful misconduct and reckless indifference to Valasek's rights under the PHRA warrants relief in the form of compensatory damages, attorney's fees and costs in addition to other relief as provided under the law.

WHEREFORE, for the foregoing reasons, Plaintiff BRANDON VALASEK requests this Court grant the relief prayed for hereinafter.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff, BRANDON VALASEK, requests that the Court grant the following relief against Defendant including, but not limited to, the following relief:

a) Back pay and lost benefits;

b) Front pay and future lost benefits;

c) General compensatory damages;

d) Expert fees and other costs of suit;

e) Attorney's fees;

f) Punitive damages as appropriate; and

g) Such further legal and equitable relief as this court deems just and proper.

**JURY TRIAL DEMANDED**                Respectfully submitted,

*s/Nicole Daller*
Nicole Daller, Esquire
P.A. I.D. No.:  312224
The Law Office of Vicki Kuftic Horne
1380 Old Freeport Road, Ste 3A
Pittsburgh, PA 15238
Phone:  412.967.9400
Fax:  412.967.0465
E-mail: ndaller@vkhorne.com
*Attorney for Plaintiff*